**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40089
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

BOBBY GLEN YARBOROUGH

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(W-94-CV-357)
(September 25, 1995)

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant Yarborough was convicted of trafficking in motor vehicles with removed identification numbers, two counts of removing a vehicle identification number, making a false statement to a federally insured bank for the purpose of influencing the bank regarding a loan, and two counts of mail fraud. His motions for

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precidential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

judgment of acquittal at the close of the Government's case and at the close of all the evidence were denied, as was his motion for a new trial based upon newly discovered evidence. He appeals. We affirm.

We review his challenge to the sufficiency of the evidence on each count by examining the record to see if any reasonable trier of fact could have found that the evidence established Appellant's guilt beyond a reasonable doubt. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993). We also view the evidence in the light most favorable to the Government. United States v. Shabazz, 993 F.2d 431, 441 (5th Cir. 1993).

We have carefully reviewed the entire record and are satisfied that the evidence is sufficient as to each count. Appellant's basic challenge to counts one and two is that the Government did not prove that he possessed the red Chevrolet truck. Viewed as we must view it, the evidence was sufficient for the jury to infer that the red Chevrolet truck in Appellant's possession was the same that had been stolen from Bass Chevrolet and was later recovered, stripped and burned, with the VIN plate removed. The jury could likewise infer that Appellant switched the dashboard VIN plate on it from the testimony of Young that the rivets holding the plate had been changed.

The evidence is sufficient for count three because it showed that the VIN of the 1988 black pickup which Appellant bought for salvage was found on the red pickup in Appellant's possession.

2

The evidence is sufficient on count four (bank fraud) because it showed that, while Appellant applied for a loan to acquire a 1988 truck for $5,000, he submitted on the application the VIN and license plate numbers of the salvaged truck he had bought for $3,000. These are the numbers he submitted to the bank thus implying that the purpose of the loan was to purchase the truck described, regardless who actually placed the information on the loan documents.

The fifth count charged Appellant with mail fraud in connection with reporting the black truck stolen and collecting on that claim and in the process mailing to the insurer a fraudulent receipt for repair to it. The preparer of the fraudulent repair receipt testified to the facts and the jury was justified in crediting his testimony. Likewise the sixth count, which also charged mail fraud was supported by the evidence of the person who drove the truck into the river at Appellant's direction so that he could claim the loss. Again the jury could credit the testimony of that witness.

Finally Appellant argues that his motion for new trial based on newly discovered evidence that the Government's witness Aldridge had his supervised release revoked for driving while intoxicated, should have been granted because this was additional impeachment evidence which Appellant could have used. The fact that the witness was an alcoholic was clearly spelled out at the trial by both the prosecution and defense counsel and the additional evidence was merely cumulative.

AFFIRMED.